UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

AIG Property Casualty Company,
f/k/a Birmingham Fire Insurance
Company of Pennsylvania and
Birmingham Fire Insurance
Company, et al.,

Civ. No. 24-4032 (PAM/DJF)

Plaintiffs,

v.

**MEMORANDUM AND ORDER**

3M Company, f/k/a Minnesota
Mining and Manufacturing
Company, et al.,

Defendants.

This matter is before the Court on Defendant 3M Company's Motion to Stay. (Docket No. 54.)

**BACKGROUND**

Plaintiffs (the "AIG Insurers") filed this lawsuit seeking a declaration that they need not defend and indemnify Defendant 3M Company in thousands of underlying lawsuits, which allege that 3M's manufacture of perfluoroalkyl and polyfluoroalkyl substances ("PFAS") caused injuries and damages. On October 28, 2024, 3M filed a Notice of Potential Tag-Along Action with the Judicial Panel on Multidistrict Litigation ("JPML"), asserting that this matter should be transferred to the products-liability multidistrict litigation ("MDL"), In re AFFF Prods. Liab. Litig. (the "AFFF MDL"), in the District of South Carolina. MDL No. 2873, Docket No. 3025 (D.S.C. Oct. 28, 2024). Thereafter, the JMPL entered a Conditional Transfer Order. Id., Docket No. 3037. On January 30, 2025,

the JPML will consider AIG's Motion to Vacate the Conditional Transfer Order. (See Docket No. 142-1 at 8–9.)

3M moves the Court to stay all proceedings in this case until the JMPL issues its decision on whether to transfer this case to the AFFF MDL and also seeks additional time to respond to the Complaint. The AIG Insurers oppose the Motion, arguing that the Court lacks subject matter jurisdiction, and thus the case should be remanded to state court.

**DISCUSSION**

The Court has discretion to stay proceedings to control its docket. Sierra Club v. U.S. Army Corps of Eng'rs, 446 F.3d 808, 816–17 (8th Cir. 2006) (citing Clinton v. Jones, 520 U.S. 681, 706 (1997)). Relevant here, a court may stay proceedings when a decision on transfer is pending from the JPML. Anderson v. Fortra LLC, Civ. No. 23-533, 2024 WL 195648, at *2 (D. Minn. Jan. 18, 2024) (Nelson, J.) (citing Blackmore v. Smitty's Supply, Inc., 451 F. Supp. 3d 1003, 1004 (N.D. Iowa 2020)). Courts in this District consider three factors when deciding whether to stay a case pending a decision from the JPML: "(1) the potential prejudice to the nonmoving party; (2) the potential hardship and inequity to the moving party if the case is not stayed; and (3) the potential stay's impact on judicial resources." Id. (citing Kellogg v. Watts Guerra, LLP, Civ. No. 18-1082, 2018 WL 3432048, at *1 (D. Minn. July 16, 2018) (Frank, J.)).

3M contends that all three factors weigh in its favor. The Court agrees. First, the Court is unconvinced that the AIG Insurers will suffer prejudice resulting from a stay of a few weeks or even months. Second, 3M persuasively argues that litigating multiple lawsuits throughout the country imposes a significant burden. Third, a stay would conserve

substantial judicial resources.  The AIG Insurers oppose the transfer and stay, arguing that the Court should follow a "jurisdiction first" method, but the only case that they cite from this District following such an approach—State of Minnesota v. Pharmacia Corp., Civ. No. 05-1394, 2005 WL 2739297, at *1 (D. Minn. Oct. 24, 2005) (Magnuson, J.)—is factually and procedurally distinguishable.

Indeed, as 3M contends, "[i]t is well-established . . . that jurisdictional objections, including objections to removal, are not relevant to transfer [to an MDL].  This is so even where, as here, plaintiffs assert that the removals were patently improper."  In re Ford Motor Co. DPS PowerShift Transmission Prods. Liab. Litig., 289 F. Supp. 3d 1350, 1352 (J.P.M.L. Feb. 2, 2018).  The JPML has transferred other cases to the AFFF MDL despite pending objections regarding federal jurisdiction.  See In re AFF Prods. Liab. Litig., 669 F. Supp. 3d 1375, 1377 (J.P.M.L. 2023).  Moreover, other courts in this District have granted stays despite pending JPML decisions and objections to transfer for jurisdiction. See e.g., Perendy v. Volkswagen Group of Am., Inc., Civ. No. 16-1247, 2016 WL 3676184, at *3 (D. Minn. July 7, 2016) (Magnuson, J.) (staying the case over plaintiff's objection to jurisdiction, finding that granting a stay was not a jurisdictional act and that the MDL court could address the plaintiff's concerns about a remand); Werner v. Eich Motor Co., Inc., Civ. No. 16-396, 2016 WL 3024053, at *2–3 (D. Minn. May 25, 2016) (Montgomery, J.) (denying without prejudice plaintiffs' motion for remand based on lack of subject-matter jurisdiction, concluding that doing so did not prevent plaintiffs from raising the jurisdictional arguments before the MDL court).

In sum, granting a stay in this matter "provides the opportunity for the uniformity, consistency, and predictability in litigation that underlies the multidistrict litigation system." Calder v. A.O. Smith Corp., Civ. No. 04-1481, 2004 WL 1469370, at *1 (D. Minn. June 1, 2004) (Tunheim, J.).

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that**:

1.  Defendant 3M Company's Motion for Stay Pending the Judicial Panel on Multidistrict Litigation's Final Transfer Decision (Docket No. 54) is **GRANTED** and this matter is **STAYED** pending the final decision of the JPML regarding whether to transfer this action to the MDL—In Re: Aqueous Film-Forming Foams (AFFF) Products Liability Litigation, Case No. 2:18-mn-2873-RMG (D.S.C.); and

2.  Defendant 3M Company's time to respond the Complaint is extended to 30 days after the JPML issues its final decision.

Date:  December 18, 2024                    s/Paul A. Magnuson
                                            Paul A. Magnuson
                                            United States District Court Judge

4